United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHUCK OLIVER, A/K/A CHUCK OLIEVER, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-3518 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| *Respondent*. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition purportedly under 28 U.S.C. § 2241, challenging his 2008 state conviction and life sentence for aggravated robbery in Brazos County, Texas.[1] He requests re-sentencing under the federal sentencing guidelines and impliedly seeks leave to proceed *in forma pauperis*.

Citing inapplicable and/or outdated case law, petitioner claims he is entitled to pursue habeas relief under section 2241. However, because he is challenging the validity of his state court conviction or sentence, he must proceed under 28 U.S.C. § 2254, which applies to a person in custody pursuant to the judgment of a state court. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (recognizing the specific remedy found in 28 U.S.C. § 2254 as the exclusive avenue for challenging the legality of a state court criminal

---

[1]Petitioner was convicted and is incarcerated under the name "Chuck Oliver," TDCJ-CID #01488522. He filed this pending petition under the name "Chuck Oliever."

judgment). Consequently, the Court will liberally construe petitioner's pleading as a habeas petition brought pursuant to 28 U.S.C. § 2254.[2]

Under 28 U.S.C. §§ 2254(b)(1) and (c), a federal habeas petitioner must exhaust all available state court remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that a petitioner must present all of his habeas claims fairly to the state's highest court before seeking relief in federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where a petitioner shows there is an absence of available state corrective process or circumstances exist that render such process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Public online records for the Texas Court of Criminal Appeals show that petitioner has not filed an application for state habeas relief with that court, and he has not exhausted his state court remedies. Moreover, petitioner does not show the absence of available state corrective process or circumstances that render such process ineffective. This federal lawsuit must be dismissed for failure to exhaust.

This case is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust available state court remedies. Any and all pending motions are DENIED. A certificate of appealability is DENIED.

---

[2] This is petitioner's second federal habeas proceeding challenging his conviction, and the notice and warning provisions of *Castro v. United States*, 540 U.S. 375, 383 (2003), do not apply.

This petition stands as petitioner's second improper attempt to challenge his 2008 state criminal judgment under section 2241 and without exhausting his state court remedies. In *Oliver v. Davis*, C.A. No. H-19-1821 (S.D. Tex. May 21, 2019), the Court construed his section 2241 petition as a section 2254 petition, and dismissed it without prejudice for failure to exhaust. The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on appeal. <u>Petitioner is WARNED that any further attempts to challenge his 2008 conviction or sentence for aggravated robbery under federal habeas proceedings prior to exhausting his claims through the Texas Court of Criminal Appeals will subject him to imposition of monetary or other sanctions for his filing of abusive, frivolous, and repetitive pleadings</u>.

Signed at Houston, Texas, on August 17, 2021.

_____
Gray H. Miller
Senior United States District Judge